UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

———————————————————————————

KATHY L. TAYLOR,                                  :
        Plaintiff,                               :
                                      :
        v.                                        :    No. 5:24-cv-1411
                                      :
NORTHAMPTON COUNTY CHILDREN &                     :
YOUTH SERVICES;[1] NORTHAMPTON                    :
COUNTY DISTRICT ATTORNEY'S OFFICE;                :
BETHLEHEM POLICE DEPT.; and                       :
AFFIANT PETER LABIAK;                             :
        Defendants.                              :

———————————————————————————

**O P I N I O N**
**Bethlehem Police Motion to Dismiss, ECF No. 28- Granted in part**
**Northampton County Motion to Dismiss, ECF No. 32- Granted in part**
**Northampton County Motion to Strike, ECF No. 40- Denied in part**
**Bethlehem Police Motion to Join Motion to Strike, ECF No. 42- Granted**

**Joseph F. Leeson, Jr.**                                   **March 11, 2025**
**United States District Judge**


I.    **INTRODUCTION**

     This action arises from reports to police by and/or against a grandmother and her grandsons' mother.  One such report led to the father's arrest, the issuance of a temporary restraining order, and a child abuse investigation of the grandmother.  The grandmother complains about the way the police and the county handled the cases.  She asserts violations of her constitutional rights and discrimination.  For the reasons set forth below, the allegations are insufficient to state a claim for relief.

---

[1]    Taylor improperly identifies Defendant as "Northampton County Children and Youth."

## II.    BACKGROUND

### A.    Procedural History

On April 2, 2024, Plaintiff Kathy Taylor initiated the above-captioned action against the Northampton County Office of Children & Youth Services, the Northampton County District Attorney's Office (collectively "County defendants"), and against the Bethlehem Police Department and Bethlehem Police Detective Affiant Peter Labiak (collectively "Police defendants"). County defendants filed a motion to dismiss, after which Taylor filed an amended complaint. *See* Am. Compl., ECF No. 27. The Amended Complaint contains the following counts: (1) Fourteenth Amendment- due process violation, pursuant to 42 U.S.C. § 1983; (II) Civil Rights Act of 1964- discrimination; and (III) Eighth Amendment- inhumane treatment, pursuant to 42 U.S.C. § 1983. *See id.* at ¶¶ 42-52. County defendants and Police defendants each filed a Motion to Dismiss the Amended Complaint. *See* Cty Mot., ECF No. 32; Police Mtn., ECF No. 28. Taylor timely responded to the motions. *See* Cty Opp., ECF No. 34; Police Opp., ECF No. 30. Several months after the motions were filed and without leave of Court, Taylor filed an Addendum to the Amended Complaint. *See* ECF Nos. 38-39.[2] The Addendum contains more than a dozen pages of additional allegations, as well as seven exhibits. County defendants have moved to strike the Addendum, a motion in which Police defendants have moved to join. *See* Cty Strike, ECF No. 40; ECF No. 42.

### B.    Factual Allegations

Accepting the factual allegations as true, the Amended Complaint[3] is liberally construed to allege as follows:

---

[2]    The same Addendum is docketed twice.

[3]    The factual allegations in this section are limited to those in the Amended Complaint because the Addendum was filed without leave of Court and long after the Motions to Dismiss

Taylor is the paternal grandmother of two boys (approximately twelve and nine years of age). *See generally* Am. Compl.; Custody Order, Ex. A, ECF No. 39. The boys' father is Timothy Barr, Taylor's son, and their mother is Maria I. Garcia Roldan. *See id.* In June 2020 and December 2021, Taylor filed private criminal complaints against Roldan for threats and harassment, but the Northampton County District Attorney's Office did not approve the criminal complaints. *See* Am. Compl. ¶ 8.

In August 2021, Roldan called the Bethlehem Police Department reporting that Barr, who was allegedly sent by Taylor to harm Roldan and Taylor's grandsons, was shooting at them. *See id.* at ¶ 9. Roldan also reported the incident to Northampton County Children & Youth Services (C&Y). *See id.* at ¶ 9. As a result, a temporary Protection From Abuse ("PFA") Order was issued against Barr, and C&Y started a child abuse investigation of Taylor. *See id.* at ¶¶ 9, 12.

C&Y's investigation caused a custody hearing to be canceled. *See id.* at ¶ 12. C&Y did not investigate Taylor's witnesses. *Id.* at ¶ 9. A C&Y caseworker forced Taylor to get an evaluation and threatened her with jail time if she refused. *See id.* at ¶ 13. The caseworker informed Taylor that she had a diagnosis of Histrionic Personality Disorder in C&Y's case file. *See id.* Taylor disputes the diagnosis and asserts she never authorized the release of any medical records. *See id.* In March 2024, a C&Y caseworker, knowing Roldan had a temporary, not final PFA, refused to have Taylor's grandsons returned to Pennsylvania. *See id.* at ¶ 17. C&Y backed

---

were filed. *See* Fed. R. Civ. P. 15(a) (allowing a party to amend its pleading only once as a matter of course). As with any case, the Court may also consider matters of public record, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. The Court will not consider the Addendum in deciding the Motions to Dismiss, but finds that striking the Addendum is too drastic a remedy. The Motion to Strike the Addendum is therefore denied in part to the extent Defendants request it be stricken from the record. Because the Amended Complaint is dismissed for the reasons discussed herein, the second amended complaint, if Taylor chooses to file one, will become the operative pleading so Defendants' concern about discovery on the Addendum is moot.

Roldan's story that she had a PFA against Barr, as opposed to a temporary PFA, causing confusion at the grandsons' school and dental office that Roldan had sole custody and Taylor did not have any legal rights to her grandsons. *See id.* at ¶ 22.

In the months following Roldan's report, Taylor gave the Bethlehem Police Department recordings of threatening voicemail messages stemming from Taylor's police report against Roldan, but the police took no action to protect Taylor or Barr. *See id.* at ¶ 10. Taylor also gave a verbal statement to the police about the gun and a flash drive containing, *inter alia*, pictures and video of a gun, as well as text messages about the gun. *See id.* at ¶ 11.[4] However, the Bethlehem Police Department did not include the information in a supplemental report. *See id.* at ¶¶ 10-11. They failed to fully investigate Roldan's report. *See id.* at ¶¶ 9, 34-35.

In June 2022, Taylor went to the Bethlehem Police Department to press charges against Roldan for perjury and child endangerment, showing the police evidence that a man pointed a gun at her son and grandsons. *See id.* at ¶ 14. This evidence contradicts Roldan's testimony at Barr's preliminary hearing in December 2021. *See id.* Detective Klingborg included this information in a supplemental report and advised Northampton County Assistant District Attorney Edward Penetar. *See id.* Attorney Penetar, however, never put this on record. *See id.* Taylor alleges that the Northampton County District Attorney's Office is withholding "exculpatory evidence proving that [] Roldan filed a false police report, committed perjury, made threats to Plaintiff and slander." *See id.* at ¶ 16.

---

[4]     Taylor also gave the police a statement that she is the owner of an American Bank Deposit Bag. *See* Am. Compl. ¶ 11. She complains that the police did not include this information in a supplemental report, nor confirm that the bag was Taylor's. *See id.*

Also in June 2022, Roldan's friends assaulted Taylor allegedly because of Roldan's report. *See id.* at ¶ 15. In August 2022, Barr was assaulted by another inmate in prison, allegedly as a result Taylor talking to the police regarding Roldan's report. *See id.* at ¶ 15.

Taylor complains that Northampton County C&Y continued to investigate her on unfounded allegations, relying on Roldan's statement without proper investigation. *See id.* at ¶ 21. C&Y allegedly did not provide the judge with truthful reports, leading the judge to believe the PFA was a custody matter. *See id.* at ¶ 27. She further alleges that for "several years," C&Y failed to investigate Roldan on allegations of neglect and endangerment despite allegedly having evidence of the same.[5] *See id.* at ¶ 21. Taylor alleges her grandsons have been harmed in Roldan's care. *See id.* at ¶ 32.

Taylor also refers to a "letter" leading to a second case against her son Barr, but she does not explain the substance of this letter or provide any additional information about the second case. *See id.* at ¶¶ 28-31. Rather, she complains about the cost of an attorney and of the way the attorney handled the case. *See id.* at ¶¶ 29-31, 33.

## III.    LEGAL STANDARDS

### A.    Motion to Dismiss, Rule 12(b)(6) - Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). This Court construes *pro se* pleadings liberally.

---

[5]      The evidence Taylor cites includes dental records and videos/pictures from approximately ten years ago, when Taylor's oldest grandson was an "infant." *See* Am. Compl. ¶¶ 21, 24. Taylor does not include any dates as to when the allegations were made or when the failure to investigate occurred.

*See Higgs v. AG of the United States*, 655 F.3d 333, 339 (3d Cir. 2011). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). *See also Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) (holding that "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (holding that "a document integral to or explicitly relied upon in the complaint may be considered" (internal quotations omitted)). Courts may also consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744,

750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### B.    Motion to Strike, Rule 12(f)- Review of Applicable Law

Federal Rule of Civil Procedure 12(f) provides: "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[S]triking a pleading is a drastic remedy to be resorted to only when required for the purposes of justice and should be used sparingly." *DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 428-29 (E.D. Pa. 2007) (internal quotations omitted). "The Court has 'considerable discretion' in disposing of a motion to strike under Rule 12(f)." *Id.* (quoting *North Penn Transfer v. Victaulic Co.*, 859 F. Supp. 154, 159 (E.D. Pa. 1994)). "Motions to strike are to be decided 'on the basis of the pleadings alone.'" *Id.*

### C.    Section 1983 Claims – Review of Applicable Law

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The first step for the court analyzing a claim under § 1983 "is to identify the exact contours of the underlying right said to have been violated." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998). The court must determine "whether the plaintiff has alleged a deprivation of a constitutional right at all." *See Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *Id.*). Section "1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotations omitted). The court must also determine whether a defendant is acting under color of state law, i.e., whether the defendant is a state actor, which

depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  Additionally, a "defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.*  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

### D.    Substantive Due Process Claims

"The touchstone of due process is the protection of the individual against arbitrary action of the government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974).  To state a claim for a violation of substantive due process rights, a plaintiff must show: (1) the interest at issue is protected by the substantive due process clause; and (2) "the government's deprivation of that protected interest shocks the conscience." *Kane v. Barger*, 902 F.3d 185, 192 (3d Cir. 2018).  As to the first element, the Supreme Court has long recognized "[t]he fundamental liberty interest of natural parents in the care, custody, and management of their child . . . ." *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). *But see A.J. v. Lancaster Cty.,* No. 5:19-cv-01768, 2019 U.S. Dist. LEXIS 221035, at *8 (E.D. Pa. Dec. 23, 2019) (qualifying that a parent's liberty interest "is not implicated by conduct short of actual separation of parent and child").  As to the second element, the defendant's conduct "must exceed both negligence and deliberate indifference, and reach a

level of gross negligence or arbitrariness that indeed 'shocks the conscience.'" *Miller v. City of Phila.*, 174 F.3d 368, 375-76 (3d Cir. 1999). "'[O]nly the most egregious official conduct' violates substantive due process." *J.R. v. Lehigh Cty.*, 534 F. App'x 104, 108 (3d Cir. 2013) (quoting *Miller*, 174 F.3d at 375).

### E.    Equal Protection Claims - Review of Applicable Law

To state a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment, the plaintiff must establish: (1) the existence of purposeful discrimination; and (2) the defendant's personal involvement in this discrimination. *See Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005) (citing *Andrews v. Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990)). The plaintiff must show that any disparate treatment was based upon his or her membership in a protected class (race, gender, etc.). *See id.* "Personal involvement exists where the defendant engaged in the purposeful discriminatory conduct himself or knowingly acquiesced to it." *Dowling v. Commonwealth Liquor Control Bd.*, No. 88-7568, 1992 U.S. Dist. LEXIS 17438, at *20-21 (E.D. Pa. Oct. 26, 1992).

### F.    Section 1981 Claims – Review of Applicable Law

Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). To state a discrimination claim under § 1981, a plaintiff must allege facts showing: (1) the plaintiff is a member of a racial minority; (2) the defendant(s) had an intent to discriminate based on race; and (3) the discrimination concerned one or more of the activities enumerated in § 1981. *See Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001).

G.     *Monell* **Claims - Review of Applicable Law**

"Local governing bodies . . . may be sued where 'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Lebie v. Borough*, No. 13-cv-6819, 2014 U.S. Dist. LEXIS 68207, 2014 WL 2085518, at *2 (E.D. Pa. May 16, 2014) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). "Liability is imposed when the policy or custom itself violates the Constitution, or where the policy or custom is the 'moving force' behind a constitutional violation by an employee of the local body." *Id.* (citing *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1027 (3d Cir. 1991)). "A policy is made 'when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Id.* (quoting *Andrews*, 895 F.2d at 1480). "A custom may exist when, 'though not authorized by law, such practices of state officials are so permanent and well settled that they operate as law.'" *Id.* (quoting *Regan v. Upper Darby Township*, 363 F. App'x 917, 923 (3d Cir. 2010)). "Custom requires proof of knowledge and acquiescence by the decisionmaker." *Robinson v. City of Philadelphia*, Civ. A. No. 15-1574, 2015 U.S. Dist. LEXIS 139539, 2015 WL 5965003, at *7 (E.D. Pa. Oct. 13, 2015) (quoting *McTernan v. City of York*, 564 F.3d 636, 657 (3d Cir. 2009)). "It is incumbent upon a plaintiff to show that a policymaker is responsible either for the policy or, through acquiescence, for the custom." *Id.* (quoting *Andrews*, 895 F.2d at 1481).

IV.     **ANALYSIS**

A.     **The due process claim (Count I) is dismissed.**

Taylor's due process claim is based on Defendants' "failing to investigate legitimate complaints, withholding exculpatory evidence, and allowing ongoing false reports and harassment." Am. Compl. ¶ 42. This Court considers each theory in turn.

First, failure to investigate. Taylor alleges that the Bethlehem Police Department failed to investigate Roldan's report, *see id.* at ¶¶ 9, 34-35, and that Northampton County C&Y failed to investigate Roldan on allegations of neglect and endangerment, *see id.* at ¶ 21. However, "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (citing *Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-97 (1989)). Taylor's claim fails as to the Police defendants because "private citizens do not have a constitutionally protected right to investigation of criminal charges." *Little v. Outlaw*, No. 22-1043, 2022 U.S. Dist. LEXIS 128438, at *6-7 (E.D. Pa. July 19, 2022). "Even a negligent police investigation . . . cannot serve as the basis for a constitutional claim." *Whitehead v. City of Phila.*, No. 13-2167, 2014 U.S. Dist. LEXIS 21000, at *4 (E.D. Pa. Feb. 19, 2014) ("There is no constitutional right to a police investigation.").[6] Further, "the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005).

---

[6]     A reckless investigation "claim, if cognizable, could only arise under the Fourth Amendment." *See Geness v. Cox*, 902 F.3d 344, 354 (3d Cir. 2018) (citing *Manuel v. City of Joliet*, 137 S. Ct. 911, 919 (2017)). But a Fourth Amendment claim against the Police defendants, if any, would belong to Barr, not Taylor. *See Doe v. Plum Borough Sch. Dist.*, No. 2:17-cv-00032, 2017 U.S. Dist. LEXIS 129464, at *26-27 (W.D. Pa. Aug. 15, 2017) (dismissing with prejudice the plaintiff's attempt to bring a claim based on a police officer's failure to arrest a third party due to a reckless investigation).

Even if it did, a due process claim would fail here because Taylor has not alleged any behavior by the Police defendants that rises to the level of conscious-shocking.  *See Schieber v. City of Philadelphia*, 320 F. 3d 409, 416-21 (3d Cir. 2003) (concluding that where the police responded to a neighbor's 911 call reporting a woman screaming in an apartment, the officers' failure to kick down the door to the apartment where the victim was inside being raped and murdered did not amount to "shocks the conscious" in the absence of other evidence).

Taylor's claim against Northampton County C&Y is dismissed.  Initially, the claim against the Northampton County C&Y fails as a matter of law because C&Y "is not a 'person' for purposes of 42 U.S.C. § 1983 or otherwise an entity subject to suit generally."[7]  *Miles v. Childs. Hosp.*, No. 2:23-CV-01238-CB-RAL, 2024 U.S. Dist. LEXIS 98807, at *6 (W.D. Pa. June 3, 2024).  "[A]n office of children and youth services is typically no more than a department or agency of its respective county or other municipal body and, as such, not an entity separately amenable to suit."  *Id.  See also Carter v. Child & Youth Servs.*, No. 23-CV-0798, 2024 U.S. Dist. LEXIS 2861, at *10 (E.D. Pa. Jan. 5, 2024) ("Because CYS is an administrative arm of Delaware County, all claims against CYS as any sort of distinct or independent entity are dismissed with prejudice, and the Court will dismiss CYS as a defendant in this action.").  Moreover, Taylor fails to allege conduct that rises to a constitutional violation.  *See Taylor*, 2024 U.S. Dist. LEXIS 114140, at *8 (determining that a plaintiff's allegation that a social worker did not properly perform his or her duties "is akin to an allegation of negligence," which is

---

[7]      Taylor has not alleged that C&Y's failure to investigate was the result of any policy or procedure that would state a claim against the County.  *See Mulholland v. Gov't Cty. of Berks*, 706 F.3d 227, 238-39 (3d Cir. 2013) (affirming the district court's dismissal of Berks County Children and Youth Services because it was not a separate entity and finding that there was no claim against the county because there was "no evidence that BCCYS employs a policy or has a custom of conducting desultory investigations").

insufficient to state a due process claim).  In order for due process liability to attach in the case of a C&Y caseworker, the "social worker need not have acted with the 'purpose to cause harm,' but the standard of culpability for substantive due process purposes must exceed both negligence and deliberate indifference, and reach a level of gross negligence or arbitrariness that indeed 'shocks the conscience.'"  *See Taylor v. Lawrence Cty. Children*, No. 2:23-CV-00676-CCW, 2024 U.S. Dist. LEXIS 114140, at *7-8 (W.D. Pa. June 28, 2024) (quoting *Miller*, 174 F.3d at 375-76). Assuming Taylor has a protected liberty interest,[8] she has not alleged any conduct by C&Y that is conscious-shocking.  *See Lewis*, 523 U.S. at 846 ("[O]nly the most egregious official conduct" violates substantive due process).  Rather, Taylor makes conclusory allegations of dental neglect, lack of supervision during a house fire at least four years ago, truancy at school, and different school placements since 2021.  *See* Am. Compl. ¶ 32.  Many of the allegations[9] are barred by the statute of limitations.  *See Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998) ("In actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury," which is two years in Pennsylvania).

Second, withholding exculpatory evidence.  Initially, this Court questions whether such a claim is viable as to Taylor.  *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("We now hold that the suppression by the prosecution of evidence favorable to an *accused* upon request violates due process where the evidence is *material either to guilt or to punishment*, irrespective of the good faith or bad faith of the prosecution." (emphasis added)).  The Court also doubts that Taylor has

---

[8]    *But see A.J. v. Lancaster Cty.*, No. 5:19-cv-01768, 2019 U.S. Dist. LEXIS 221035, at *7 (E.D. Pa. Dec. 23, 2019) (dismissing substantive due process claim because the child was not removed from the plaintiff-parent's home)

[9]    *See also* Am. Compl. ¶ 24 (citing an incident approximately ten years ago)

any "prejudice" under *Brady*.[10]  *See Thompson v. City of Williamsport*, No. 4:22-CV-01159, 2024 U.S. Dist. LEXIS 73358, at *15-16 (M.D. Pa. Apr. 23, 2024) (dismissing the due process claim for failure to show prejudice because the obligation to disclose Brady material is based on a "defendant's due process right to a fair trial, . . . the nondisclosure must do more than impede the defendant's ability to prepare for trial; it must adversely affect the court's ability to reach a just conclusion, to the prejudice of the defendant").  Taylor alleges only that the Northampton County District Attorney's Office is withholding exculpatory evidence (that Roldan committed perjury, filed a false police report, and made threats).  *See* Am. Compl. ¶¶ 14, 16.  The due process claim, to the extent it is based on this theory, therefore fails as to the remaining Defendants.[11]  The claim also fails as to the Northampton County District Attorney's Office because the District Attorney's Office it is not an entity amenable to suit.  *See Reitz v. Cty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997) (stating that the "County District Attorney's Office is not an entity for purposes of § 1983 liability"); *Brown v. Pennsylvania*, No. 22-1506, 2023 U.S. App. LEXIS 11555, at *3-4 (3d Cir. May 11, 2023) (affirming dismissal of the § 1983 claims against the district attorney's office because the office is not a "person" within the meaning of § 1983).[12]  Moreover, Taylor does not allege that the evidence was withheld pursuant to custom or

---

[10]    "There are three components of a true Brady violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued."  *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

[11]    Although liberally construing the pleadings, Taylor suggests the Police defendants withheld evidence in or around October 2021, *see* Am. Compl. ¶ 11 (alleging that in October 2021, Taylor gave the Bethlehem Police Department a verbal statement about the gun and a flash drive containing information about the gun, but they did not file a supplemental report), such a claim is barred by the statute of limitations, *see Sameric Corp.*, 142 F.3d at 599.

[12]    *But see Kaminski v. Office of DA of Northampton Cty.*, No. 5:23-cv-04962-JMG, 2024 U.S. Dist. LEXIS 152356, at *3-4 (E.D. Pa. Aug. 26, 2024) (stating that despite *Reitz*, the question of whether the district attorney's office is amenable to suit under § 1983 "remains far

policy of the Northampton County District Attorney's Office. *See Kaminski v. Office of DA of Northampton Cty.*, No. 5:23-cv-04962-JMG, 2024 U.S. Dist. LEXIS 152356, at *3-4 (E.D. Pa. Aug. 26, 2024) (dismissing the district attorney's office because the plaintiff failed to show a policy or custom to support liability); *Chamberlain v. City of Phila.*, No. 20-CV-6572, 2023 U.S. Dist. LEXIS 62141, at *39-40 (E.D. Pa. Apr. 10, 2023) (dismissing claim against the district attorney's office because it is not a "person" subject to liability under § 1983 and also because the plaintiff's allegations did not establish a municipal policy or custom or municipal deliberate indifference). Rather, Taylor blames an individual prosecuting assistant district attorney for not putting the evidence on the record. *See* Am. Compl. ¶ 14. The allegations do not suggest that Attorney Penetar was a policymaker. *See Carter v. City of Phila.*, 181 F.3d 339, 352-53 (3d Cir. 1999) (holding that head county prosecutors "may be State officials when they prosecute crimes or otherwise carry out policies established by the State, but serve as local policy makers when they manage or administer their own offices); *Smooth Vape, LLC v. Lancaster Cty.*, No. 5:23-CV-3000, 2024 U.S. Dist. LEXIS 37973, at *27-28 (E.D. Pa. Mar. 5, 2024) (dismissing the County District Attorney because she was not a policymaker for Lancaster County).

Third, allowing false reports and harassment. Taylor essentially claims that Defendants failed to protect her. However, "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *Deshaney*, 489 U.S. at 195; *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 431 (3d Cir. 2006) ("Generally, the Due Process Clause does not impose an affirmative obligation on the state to protect its citizens."). *See also Estes v. Hous. Auth.*, No. 3:23-cv-120-KRG-KAP, 2023 U.S.

---

from established in this Circuit"); *Sourovelis v. City of Phila.*, 103 F. Supp. 3d 694, 711-12 (E.D. Pa. 2015) (declining to follow *Reitz* as dicta).

Dist. LEXIS 103817, at *3 (W.D. Pa. June 13, 2023) ("Failure to take additional safety measures simply cannot be recharacterized as the sort of affirmative conduct necessary for a federal claim."). There is no applicable exception here because Taylor has not alleged that she was in a special relationship with either the Police defendants or County defendants. *See Morrow v. Balaski*, 719 F.3d 160, 167 (3d Cir. 2013) (explaining the limited exceptions to the rule that the State does not have an affirmative duty of care and protection, known as the special relationship and state-created-danger exceptions); *Brown v. Grabowski*, 922 F.2d 1097, 1100-01 (3d Cir. 1990) (holding that the State's "failure to take affirmative action to protect a victim from the actions of a third person will not, in the absence of a custodial relationship between the state and the victim, support a civil rights claim").

Taylor's due process claim (Count I), under all theories, is therefore dismissed. Because the County defendants are not "persons" amenable to suit under § 1983. County defendants are dismissed with prejudice from Count I.[13] However, in the event that Taylor can allege the due process violations were the result of a policy or custom, she may substitute Northampton County as a defendant in an amended pleading. *See Miles*, 2024 U.S. Dist. LEXIS 98807, at *7 ("Where the allegations of a pro se complaint reasonably identify the county of which an office of children and youth is a part, however, the Court may construe the complaint liberally as asserting

---

[13]      *See Whiteford v. Penn Hills Municipality*, 323 F. App'x 163, 166 (3d Cir. 2009) (affirming dismissal without leave to amend against the Commonwealth because it was not a "person" subject to suit under § 1983); *Carter*, 2024 U.S. Dist. LEXIS 2861, at *10 (dismissing all claims against children and youth with prejudice); *Wallace v. Dauphin Cty. Dist. Attorney's Office*, No. 1:15-CV-02144, 2016 U.S. Dist. LEXIS 74736, at *10 (M.D. Pa. June 8, 2016) (concluding that because the district attorney's office was not subject to suit under § 1983 it would be futile to permit the plaintiff to file an amended complaint).

a claim against the county and treat the reference to the agency or department as superfluous."). The Police defendants are dismissed without prejudice and with leave to amend.[14]

### B.    The discrimination claim (Count II) is dismissed.

The Amended Complaint states: "Defendants' actions constitute discrimination under the Civil Rights Act of 1964, as they failed to provide equal protection. . . ."  *See* Am. Compl. ¶ 47. Liberally construing the pleadings, Taylor may be attempting to assert a claim under the Civil Rights Act of 1964 and/or under the Equal Protection Clause.[15]

As to the Civil Rights Act, Taylor does not specify which Title of the Act is implicated. The titles prohibit different conduct, none of which appears to be present here.  The allegations are therefore woefully deficient and fail to state a claim under the Civil Rights Act.

As to an equal protection claim, Taylor does not allege that she is a member of a protected class.  Even if she had, the factual allegations are insufficient to infer any purposeful discrimination or to show the personal involvement by any defendant.  There is only one conclusory statement in the Amended Complaint that even suggests discrimination, but it is not entitled to the presumption of truth and is made against Defendants collectively.  *See* Am. Compl. ¶ 32 (alleging that "Defendant's [sic] being racist, their slander and their bullying to Plaintiff, Plaintiff's son and grandsons. . .").

---

[14]    *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile")

[15]    The Police defendants suggest that the proper vehicle for Taylor's discrimination claim is § 1981, but in the absence of an allegation that Taylor is a member of a racial minority, this Court is unable to determine if this is correct.  The failure to make such an allegation is fatal to a claim under § 1981.  As to a § 1981 claim, Taylor also fails to allege facts showing that any Defendant had an intent to discriminate on the basis of race or specify the protected activity.

Count II is therefore dismissed.  To the extent the claim is brought under the Civil Rights

Act of 1964, it is dismissed without prejudice and with leave to amend as to all Defendants.[16]  To

the extent Count II is brought under the Equal Protection Clause or § 1981, it is dismissed with

prejudice as to the County defendants,[17] but Taylor may substitute Northampton County as a

defendant in an amended pleading if she can allege the discrimination was the result of a policy

or custom.[18]  Count II, to the extent it is brought under the Equal Protection Clause or § 1981, is

dismissed without prejudice as to the Police defendants and with leave to amend.[19]

### C.    The Eighth Amendment claim (Count III) is dismissed with prejudice.

"Eighth Amendment scrutiny is appropriate only after the State has complied with the

constitutional guarantees traditionally associated with criminal prosecutions."  *Ingraham v.

Wright*, 430 U.S. 651, 671 n.40 (1977).  Taylor's claim under the Eighth Amendment therefore

fails as a matter of law.  *See Voorhis v. Digangi*, No. 1:23-CV-66-SPB-RAL, 2024 U.S. Dist.

LEXIS 143252, at *17 (W.D. Pa. Aug. 12, 2024) (dismissing the Eighth Amendment claim

---

[16]    This Court cannot determine whether leave to amend would be futile and therefore allows an amendment.  *See Alston*, 363 F.3d at 235.

[17]    As explained herein, "a county agency is not a legally separate entity from the county itself, and any actions by the agency are imputed to the county."  *Mulholland*, 706 F.3d at 234. "[B]ecause a plaintiff cannot state a cause of action under § 1981 unless he or she can state a cause of action under § 1983," the County defendants are also not amenable to suit under § 1981. *See Fontan v. City of Lancaster*, No. 96-CV-5653, 1998 U.S. Dist. LEXIS 18038, at *9 n.6 (E.D. Pa. Nov. 6, 1998).  Leave to amend as to the County defendants would therefore be futile.  *See* footnote 13, *supra*.

[18]    The Amended Complaint does not allege that Taylor's constitutional rights were violated by a policy, custom, or practice of Northampton County and therefore currently fails to state a *Monell* claim.  It is unclear whether leave to amend would be futile.

[19]    This Court cannot determine whether leave to amend would be futile and therefore allows an amendment.  *See Alston*, 363 F.3d at 235.

arising from child custody proceedings as a "non-starter").  Count III is dismissed with prejudice.[20]

### D.    Taylor is granted leave to amend Counts I and II in part.

Taylor, if she believes she can cure the deficiencies in her pleadings, may file a second amended complaint as to Counts I and II subject to the limitations discussed herein.  Taylor is advised that any amended complaint may not contain conclusory allegations; rather, it must establish the existence of specific actions by each defendant which have resulted in the alleged deprivation(s).  The deprivation(s) must have occurred on or after April 2, 2022, and must have impacted the rights of Taylor, not Barr.  Taylor may not bring any claims on behalf of her son.  To be clear, allegations that the County withheld evidence from Barr's attorney for example, *see* Am. Compl. ¶ 26, are not relevant to any of Taylor's claims.  The second amended complaint shall not refer collectively to "Defendants," but must specifically state which named Defendant(s) undertook what actions and when.  To the extent Taylor can allege that a County policy or custom caused the constitutional violations in Counts I and II, she may substitute Northampton County for the County defendants.  Taylor is advised that the amended complaint must be a complete document in itself without relying on any other document.

## V.    CONCLUSION

Taylor fails to state a claim for relief and the Amended Complaint is dismissed.  The County defendants are dismissed with prejudice from the alleged constitutional[21] violations because neither the Northampton County Office of Children & Youth Services, nor the Northampton County District Attorney's Office are "persons" amenable to suit under § 1983.

---

[20]    Because the claim fails as a matter of law, leave to amend would be futile.  *See Alston*, 363 F.3d at 235.

[21]    They are dismissed without prejudice from claims under the Civil Rights Act.

Because Taylor does not allege that her constitutional rights were violated as the result of a policy or custom, as is required to state a *Monell* claim, Northampton County will not be substituted as a defendant by the Court.  Although this Court questions whether an amendment may be futile, Taylor, given her pro se status, will be afforded an opportunity to amend the pleadings as to Counts I and II only.  She may substitute Northampton County for the County defendants in the constitutional claims in these counts.  The Police defendants are dismissed without prejudice from Counts I and II.  Count III fails as a matter of law and is dismissed with prejudice as to all defendants.

A separate order will be issued.


BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge