UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

KATHY L. TAYLOR,                          :
       Plaintiff,                         :
                                          :
       v.                                 :          No. 5:24-cv-1411
                                          :
NORTHAMPTON COUNTY;                       :
BETHLEHEM POLICE DEPT.; and               :
AFFIANT PETER LABIAK;                     :
       Defendants.                        :

_____

**O P I N I O N**
**Bethlehem Police Motion to Dismiss, ECF No. 48 - Granted**
**Northampton County Motion to Dismiss, ECF No. 49 - Granted**

**Joseph F. Leeson, Jr.**                          **June 4, 2025**
**United States District Judge**

## I.    INTRODUCTION

Plaintiff Kathy Taylor, a grandmother, alleges, *inter alia*, that her complaints of neglect and endangerment against her grandsons' mother were not investigated by the Bethlehem Police Department or by the Northampton County Office of Children & Youth Services.  She alleges that the failure to investigate was due to racial discrimination.  Taylor claims a due process violation and discrimination in violation of Title VI and the Equal Protection Clause.  For the reasons set forth below, the allegations are insufficient to state a claim for relief.

## II.    BACKGROUND

### A.    Procedural History

On April 2, 2024, Taylor initiated the above-captioned action against the Northampton County Office of Children & Youth Services ("CYS"), the Northampton County District Attorney's Office (collectively "County defendants"), and against the Bethlehem Police

Department and Bethlehem Police Detective Affiant Peter Labiak (collectively "Police defendants").  County defendants filed a motion to dismiss, after which Taylor filed an amended complaint.  *See* ECF No. 27.  The Amended Complaint contained the following counts: (1) Fourteenth Amendment- due process violation, pursuant to 42 U.S.C. § 1983; (II) Civil Rights Act of 1964- discrimination; and (III) Eighth Amendment- inhumane treatment, pursuant to 42 U.S.C. § 1983.  *See id.*  County defendants and Police defendants each filed a Motion to Dismiss the Amended Complaint.  *See* ECF Nos. 28, 32.  Taylor timely responded to the motions, *see* ECF Nos. 30, 34, and several months later filed an Addendum to the Amended Complaint, *see* ECF Nos. 38-39.  In an Opinion and Order dated March 11, 2025, this Court granted Defendants' motions in part.  *See* ECF Nos. 45-46.  Counts I and II were dismissed without prejudice as to Police defendants and with prejudice as to County defendants but with leave to substitute Northampton County as the defendant in an amended complaint.  *See id.*  Count III was dismissed with prejudice as to all Defendants.  *See id.*

Taylor has filed a Second Amended Complaint pursuant to 42 U.S.C. § 1983 against Bethlehem Police and Detective Peter Labiak (collectively "Police defendants") and against Northampton County.  *See* Sec. Am. Compl., ECF No. 47.  The Second Amended Complaint asserts two claims: (1) substantive due process violation and (II) discrimination under Title VI and the Equal Protection Clause.  Police defendants and Northampton County have each moved to dismiss.  *See* Police Mot., ECF No. 48; County Mot., ECF No. 49.  Taylor filed responses to the same.  *See* Police Resp., ECF No. 54;[1] County Resp., ECF No. 54.[2]

---

[1]    Taylor improperly filed her response to Police defendants' Motion to Dismiss as a motion, but it is treated as an opposition brief.

[2]    Taylor attaches numerous exhibits to her responses, but most of them are not relevant to her claims in the Second Amended Complaint.  To the extent any are relevant and "undisputedly authentic" they have been reviewed but do not alter the analysis herein.

B.      **Factual Allegations**

Taylor is the paternal grandmother of two boys.  *See* Sec. Am. Compl. ¶ 1.  The boys'

father is Timothy Barr, Taylor's son, and their mother is Maria I. Garcia Roldan.  *See id.* at ¶ 17.

Since 2020, Taylor "observed and reported [alleged] acts of perjury, harassment, and

endangerment committed by Maria I Garcia Roldan."  *Id.* at ¶ 16.  In June 2022, Taylor

attempted to file a private criminal complaint against Roldan with the Bethlehem Police

Department and provided them with a video showing a man pointing a gun on her grandchildren,

presumably while in the custody of Roldan.  *See id.* at ¶ 19.  Northampton County, through its

agency CYS, failed to investigate or intervene, which allegedly contributed to the harm to Taylor

and the disruption of her relationship with her grandchildren.  *See id.*  The Bethlehem Police

Department also failed to investigate Taylor's complaint or to protect the boys.  *See id.* at ¶¶ 18,

20, 23.  Detective Labiak failed to investigate when Taylor provided the Bethlehem Police a

video in January 2024 showing her grandson holding a firearm.  *See id.* at ¶ 21.  In August 2025,

a judge ruled that a CYS caseworker, Roldan, and one of the boys were not credible, but

Defendants failed to reinvestigate.  *See id.* at ¶ 27.

In August 2021, Roldan filed a temporary Protection From Abuse ("PFA") Order against

Barr.  *See id.* at ¶ 17.  Taylor alleges that in the PFA, Roldan "falsely claimed that [Taylor] sent

[Barr] to harm her and her minor children."  *Id.*  She alleges the PFA remains "unresolved"

because the "PFA Office has been unable to locate Maria for service or resolution."  *Id.*  Taylor

alleges Roldan uses the unresolved PFA to maintain custody of the boys in violation of the

standing custody order granting Taylor primary physical and legal custody of the boys.  *See id.* at

¶ 18.

Taylor complains that since the PFA was issued in August 2021, Roldan has not taken her children to the dentist. *See id.* at ¶ 24. However, she also alleges that in October 2023, Roldan attempted to schedule a dental appointment for one of the boys and accused Taylor of neglect to dental staff. *See id.* Taylor alleges that in September 2020, a doctor testified Roldan was responsible for dental neglect and in February 2024, submitted a letter about such dental neglect. *See id.* at ¶¶ 25-26. Taylor alleges that in October 2024 Northampton County was notified that Roldan gave a false address under oath during custody proceedings. *See id.* at ¶ 22.

Finally, Taylor alleges that she, an African-American woman, was "treated differently than similarly situated individuals" as her complaints were ignored "while those of non-minority individuals were investigated." *See id.* at ¶¶ 34-35. She alleges "Northampton County has a policy/custom of screening out or ignoring credible reports by African-American individuals, especially in private complaint filings and child welfare investigations. *See id.* at ¶ 33.

## III.    LEGAL STANDARDS

### A.    Motion to Dismiss, Rule 12(b)(6) - Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). This Court construes *pro se* pleadings liberally. *See Higgs v. AG of the United States*, 655 F.3d 333, 339 (3d Cir. 2011). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). *See also Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) (holding that "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (holding that "a document integral to or explicitly relied upon in the complaint may be considered" (internal quotations omitted)). Courts may also consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### B.      Section 1983 Claims – Review of Applicable Law

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48

(1988). The first step for the court analyzing a claim under § 1983 "is to identify the exact

contours of the underlying right said to have been violated." *Cty. of Sacramento v. Lewis*, 523

U.S. 833, 841 n.5 (1998). The court must determine "whether the plaintiff has alleged a

deprivation of a constitutional right at all." *See Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir.

2000) (quoting *Id.*). Section "1983 is not itself a source of substantive rights, but merely

provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490

U.S. 386, 393-94 (1989) (internal quotations omitted). The court must also determine whether a

defendant is acting under color of state law, i.e., whether the defendant is a state actor, which

depends on whether there is "such a 'close nexus between the State and the challenged action'

that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Leshko v.

Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). Additionally, a

"defendant in a civil rights action must have personal involvement in the alleged wrongs;

liability cannot be predicated solely on the operation of respondeat superior." *See Rode v.

Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown

through allegations of personal direction or of actual knowledge and acquiescence. Allegations

of participation or actual knowledge and acquiescence, however, must be made with appropriate

particularity." *Id.* "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must

plead that each Government-official defendant, through the official's own individual actions, has

violated the Constitution." *Iqbal*, 556 U.S. at 676.

  **C. Substantive Due Process Claims - Review of Applicable Law**

   "The touchstone of due process is the protection of the individual against arbitrary action

of the government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). To state a claim for a

violation of substantive due process rights, a plaintiff must show: (1) the interest at issue is protected by the substantive due process clause; and (2) "the government's deprivation of that protected interest shocks the conscience." *Kane v. Barger*, 902 F.3d 185, 192 (3d Cir. 2018). As to the first element, the Supreme Court has long recognized "[t]he fundamental liberty interest of natural parents in the care, custody, and management of their child . . . ." *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). *But see A.J. v. Lancaster Cty.,* No. 5:19-cv-01768, 2019 U.S. Dist. LEXIS 221035, at *8 (E.D. Pa. Dec. 23, 2019) (qualifying that a parent's liberty interest "is not implicated by conduct short of actual separation of parent and child"). As to the second element, the defendant's conduct "must exceed both negligence and deliberate indifference, and reach a level of gross negligence or arbitrariness that indeed 'shocks the conscience.'" *Miller v. City of Phila.*, 174 F.3d 368, 375-76 (3d Cir. 1999). "'[O]nly the most egregious official conduct' violates substantive due process." *J.R. v. Lehigh Cty.*, 534 F. App'x 104, 108 (3d Cir. 2013) (quoting *Miller*, 174 F.3d at 375).

### D.    Equal Protection Claims - Review of Applicable Law

To state a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment, the plaintiff must establish: (1) the existence of purposeful discrimination; and (2) the defendant's personal involvement in this discrimination. *See Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005) (citing *Andrews v. Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990)). The plaintiff must show that any disparate treatment was based upon his or her membership in a protected class (race, gender, etc.). *See id.* "Personal involvement exists where the defendant engaged in the purposeful discriminatory conduct himself or knowingly acquiesced to it." *Dowling v. Commonwealth Liquor Control Bd.*, No. 88-7568, 1992 U.S. Dist. LEXIS 17438, at *20-21 (E.D. Pa. Oct. 26, 1992).

### E.    Title VI of the Civil Rights Act – Review of Applicable Law

Section 601 of Title VI of the Civil Rights Act provides: "No person in the United States

shall, on the ground of race, color, or national origin, be excluded from participation in, be

denied the benefits of, or be subjected to discrimination under any program or activity receiving

Federal financial assistance."  42 U.S.C. § 2000d.  To state a claim under Title VI, a plaintiff

must show: (1) there is racial or national origin discrimination; and (2) the entity engaging in

discrimination is receiving federal financial assistance.  *See Lei Ke v. Drexel Univ.*, No. 11-6708,

2015 U.S. Dist. LEXIS 118211, at *36 (E.D. Pa. Sep. 4, 2015).  Private individuals may sue to

enforce Title VI and obtain both injunctive relief and damages.  *See Alexander v. Sandoval*, 532

U.S. 275, 279 (2001).  Title VI "prohibits only intentional discrimination."  *See id.* at 280.

"[F]unding recipients are properly held liable in damages only where they are deliberately

indifferent to [] harassment, of which they have actual knowledge."  *Davis v. Monroe Cty. Bd. of

Educ.*, 526 U.S. 629, 650 (1999).  "Constructive knowledge is not sufficient."  *Blunt v. Lower

Merion Sch. Dist.*, 767 F.3d 247, 273 (3d Cir. 2014).

### F.    *Monell* Claims - Review of Applicable Law

"Local governing bodies . . . may be sued where 'the action that is alleged to be

unconstitutional implements or executes a policy statement, ordinance, regulation, or decision

officially adopted and promulgated by that body's officers.'"  *Lebie v. Borough*, No. 13-cv-6819,

2014 U.S. Dist. LEXIS 68207, 2014 WL 2085518, at *2 (E.D. Pa. May 16, 2014) (quoting

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).  "Liability is imposed when the policy

or custom itself violates the Constitution, or where the policy or custom is the 'moving force'

behind a constitutional violation by an employee of the local body."  *Id.* (citing *Colburn v. Upper

Darby Township*, 946 F.2d 1017, 1027 (3d Cir. 1991)).  "A policy is made 'when a

decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Id.* (quoting *Andrews*, 895 F.2d at 1480). "A custom may exist when, 'though not authorized by law, such practices of state officials are so permanent and well settled that they operate as law.'" *Id.* (quoting *Regan v. Upper Darby Township*, 363 F. App'x 917, 923 (3d Cir. 2010)). "Custom requires proof of knowledge and acquiescence by the decisionmaker." *Robinson v. City of Philadelphia*, Civ. A. No. 15-1574, 2015 U.S. Dist. LEXIS 139539, 2015 WL 5965003, at *7 (E.D. Pa. Oct. 13, 2015) (quoting *McTernan v. City of York*, 564 F.3d 636, 657 (3d Cir. 2009)). "It is incumbent upon a plaintiff to show that a policymaker is responsible either for the policy or, through acquiescence, for the custom." *Id.* (quoting *Andrews*, 895 F.2d at 1481).

## IV.    ANALYSIS

### A.    The substantive due process claim (Count I) is dismissed.

Taylor's due process claim is based on Defendants alleged "inaction, disregard of credible evidence, and failure to provide protection." *See* Sec. Am. Compl. ¶ 31. This basis can be broken into two theories: (1) failure to investigate and (2) failure to protect.[3] This Court considers each in turn.

---

[3]    Taylor alleges in her opposition brief, but not in the Second Amended Complaint, that in 2021 she did not receive a full hearing on the PFA. *See* Resp. Police Mot. 3. However, the Police defendants had no involvement with, or authority over, the state court's scheduling of proceedings or its decision to issue an order without a hearing. Similarly, the County was substituted here for CYS and the District Attorney's Office, neither of which had any involvement or authority to control court scheduling and orders. Moreover, the alleged violation became known in 2021 when a PFA was issued without a hearing, starting the two-year statute of limitations to raise such a claim, which has long passed. *See Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998) (explaining that the two-year statute of limitations for a procedural due process claim is based on Pennsylvania's statute of limitations for personal injury actions and "accrues when the plaintiff knew or should have known of the injury upon which its action is based"). Taylor's allegations against the County court, *see* Resp. Police Mot. 7, are therefore also untimely and are subject to dismissal for other reasons not discussed herein.

First, failure to investigate, as was explained in the Opinion dated March 11, 2025,

dismissing the first Amended Complaint:

> "an allegation of a failure to investigate, without another recognizable
> constitutional right, is not sufficient to sustain a section 1983 claim." *Graw v.
> Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (citing *Deshaney v. Winnebago Cty.
> Dep't of Soc. Servs.*, 489 U.S. 189, 195-97 (1989)).  Taylor's claim fails as to the
> Police defendants because "private citizens do not have a constitutionally protected
> right to investigation of criminal charges." *Little v. Outlaw*, No. 22-1043, 2022
> U.S. Dist. LEXIS 128438, at *6-7 (E.D. Pa. July 19, 2022).  "Even a negligent
> police investigation . . . cannot serve as the basis for a constitutional claim."
> *Whitehead v. City of Phila.*, No. 13-2167, 2014 U.S. Dist. LEXIS 21000, at *4 (E.D.
> Pa. Feb. 19, 2014) ("There is no constitutional right to a police investigation.").[4]
> Further, "the benefit that a third party may receive from having someone else
> arrested for a crime generally does not trigger protections under the Due Process
> Clause." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005).  Even if it
> did, a due process claim would fail here because Taylor has not alleged any
> behavior by the Police defendants that rises to the level of conscious-shocking.  *See*
> *Schieber v. City of Philadelphia*, 320 F. 3d 409, 416-21 (3d Cir. 2003) (concluding
> that where the police responded to a neighbor's 911 call reporting a woman
> screaming in an apartment, the officers' failure to kick down the door to the
> apartment where the victim was inside being raped and murdered did not amount
> to "shocks the conscious" in the absence of other evidence).

Opn. 11.  The Second Amended Complaint does not offer any additional allegations, or any

allegations of conscious-shocking behavior, to support the due process claim against Police

---

Finally, Taylor's brief , but not the Second Amended Complaint, alleges that a "pattern of
deliberate misrepresentation and procedural manipulation culminated in the fraudulent filing of a
second criminal case against Plaintiff's son." *See* Resp. Police Mot. 4-5.  Because Taylor was
advised in the Opinion dated March 11, 2025, that she "may not bring any claims on behalf of
her son," *see* Opn. 19, this Court will not address such contentions any further.  Taylor's
suggestion of selective prosecution about other persons, *see* Resp. Police Mot. 5-6, is also
irrelevant to the instant decision.

[4]       A reckless investigation "claim, if cognizable, could only arise under the Fourth
Amendment." *See Geness v. Cox*, 902 F.3d 344, 354 (3d Cir. 2018) (citing *Manuel v. City of
Joliet*, 137 S. Ct. 911, 919 (2017)).  But a Fourth Amendment claim against the Police
defendants, if any, would belong to Barr, not Taylor.  *See Doe v. Plum Borough Sch. Dist.*, No.
2:17-cv-00032, 2017 U.S. Dist. LEXIS 129464, at *26-27 (W.D. Pa. Aug. 15, 2017) (dismissing
with prejudice the plaintiff's attempt to bring a claim based on a police officer's failure to arrest
a third party due to a reckless investigation).

defendants.[5]  As to the County, although the Second Amended Complaint substitutes the County

for CYS, which cured one problem with the dismissed pleading,[6] Taylor again fails to allege

conscious-shocking behavior that rises to a constitutional violation, *see Taylor v. Lawrence Cty.*

*Children*, No. 2:23-CV-00676-CCW, 2024 U.S. Dist. LEXIS 114140, at *8 (W.D. Pa. June 28,

2024) (determining that a plaintiff's allegation that a social worker did not properly perform his

or her duties "is akin to an allegation of negligence," which is insufficient to state a due process

claim).  This Court previously explained:

> In order for due process liability to attach in the case of a C&Y caseworker, the
> "social worker need not have acted with the 'purpose to cause harm,' but the
> standard of culpability for substantive due process purposes must exceed both
> negligence and deliberate indifference, and reach a level of gross negligence or
> arbitrariness that indeed 'shocks the conscience.'"  *See Taylor v. Lawrence Cty.*
> *Children*, No. 2:23-CV-00676-CCW, 2024 U.S. Dist. LEXIS 114140, at *7-8
> (W.D. Pa. June 28, 2024) (quoting *Miller*, 174 F.3d at 375-76).  Assuming Taylor
> has a protected liberty interest,[7] she has not alleged any conduct by C&Y that is
> conscious-shocking.  *See Lewis*, 523 U.S. at 846 ("[O]nly the most egregious
> official conduct" violates substantive due process).  Rather, Taylor makes
> conclusory allegations of dental neglect. . . .

---

[5]    Taylor argues in her opposition brief that her claim is not simply a right to a police
investigation, but is grounded on her fundamental right to familial association.  *See* Resp. Police
Mot. 1-2.  Regardless, her allegations must still amount to conscious-shocking behavior, but do
not.  *See Taylor v. Lawrence Cty. Children*, No. 2:23-CV-00676, 2024 U.S. Dist. LEXIS 114140,
at *7-8 (W.D. Pa. June 28, 2024) (concluding the plaintiff's allegation that CYS failed to
investigate allegations of child abuse perpetrated by the child's father did not shock the
conscious).

[6]    *See* Opn. 12 (concluding that Taylor's due process claim in the first Amended Complaint
failed as a matter of law because "an office of children and youth services is typically no more
than a department or agency of its respective county or other municipal body and, as such, not an
entity separately amenable to suit" (quoting *Miles v. Childs. Hosp.*, No. 2:23-CV-01238-CB-
RAL, 2024 U.S. Dist. LEXIS 98807, at *6 (W.D. Pa. June 3, 2024))

[7]    *But see A.J.*, 2019 U.S. Dist. LEXIS 221035, at *7 (dismissing substantive due process
claim because the child was not removed from the plaintiff-parent's home)

Opn. 12-13.  The Second Amended Complaint does not offer any allegations showing a purpose

to cause harm or of any conscious-shocking behavior that would support the due process claim

against the County.

Second, failure to protect,[8] this basis for the due process claim again fails for the reasons

discussed in the Opinion dated March 11, 2025, which explained:

> "nothing in the language of the Due Process Clause itself requires the State to
> protect the life, liberty, and property of its citizens against invasion by private
> actors."  *Deshaney*, 489 U.S. at 195; *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 431
> (3d Cir. 2006) ("Generally, the Due Process Clause does not impose an affirmative
> obligation on the state to protect its citizens."). *See also Estes v. Hous. Auth.*, No.
> 3:23-cv-120-KRG-KAP, 2023 U.S. Dist. LEXIS 103817, at *3 (W.D. Pa. June 13,
> 2023) ("Failure to take additional safety measures simply cannot be recharacterized
> as the sort of affirmative conduct necessary for a federal claim.").  There is no
> applicable exception here because Taylor has not alleged that she was in a special
> relationship with either the Police defendants or County defendants.  *See Morrow
> v. Balaski*, 719 F.3d 160, 167 (3d Cir. 2013) (explaining the limited exceptions to
> the rule that the State does not have an affirmative duty of care and protection,
> known as the special relationship and state-created-danger exceptions); *Brown v.
> Grabowski*, 922 F.2d 1097, 1100-01 (3d Cir. 1990) (holding that the State's "failure
> to take affirmative action to protect a victim from the actions of a third person will
> not, in the absence of a custodial relationship between the state and the victim,
> support a civil rights claim").

Opn. 15-16.  The Second Amended Complaint does not offer any new allegations that alter this

analysis.  None of the Defendants had a duty to protect Taylor from allegedly false complaints or

to protect the boys from harm/neglect by their mother.  *See Deshaney*, 489 U.S. at 203 (holding

that the failure of the state's child protection team to protect a child from violence by his father

while in his father's custody did not violate the child's due process rights); *McMillan's v. Dep't

of Human Serv.*, No. 18-2080, 2018 U.S. Dist. LEXIS 139295, at *7 (E.D. Pa. Aug. 16, 2018)

(concluding that the plaintiff-grandmother failed to state a due process claim against the City and

---

[8]      The failure-to-protect claim includes allegations that Defendants failed to protect the
grandchildren from neglect and/or to protect Taylor from false allegations by Roldan.  The latter
allegations somewhat overlap with the failure-to-investigate allegations.

CYS for allegedly failing to intervene in the father's alleged abuse of his children or in the abduction of the plaintiff's grandchildren); *Williams v. Jersey Shore Area Sch. Dist.*, 673 F. Supp. 3d 688, 704-05 (M.D. Pa. 2023) (explaining that "a school district generally cannot be held liable for failing to protect students from student-on-student harassment"). *See also Whitehead*, 2014 U.S. Dist. LEXIS 21000, at *4 ("There is no constitutional right to a police investigation.").

Moreover, the sole allegation of a policy or custom in the Second Amended Complaint, *see* Sec. Am. Compl. ¶ 33, is too conclusory to sufficiently allege that a custom or policy was responsible for any alleged due process violation by the County. *See Garcia v. Phila. DA Office*, No. 23-1224, 2023 U.S. App. LEXIS 13505, at *5 (3d Cir. June 1, 2023) (concluding that the district court correctly dismissed the *Monell* claim because the allegations related to the claimed custom or policy were "too vague and conclusory to show evidence of an actionable custom or policy on the part of the [defendant]"). "To satisfy the pleading standard, [the plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was." *McTernan*, 564 F.3d at 658. Taylor's allegation that the "County has a policy/custom of screening out or ignoring credible reports by African-American individuals, especially in private complaint filings and child welfare investigations," *see* Sec. Am. Compl. ¶ 33, is conclusory and insufficient to plausibly state a claim against the County. *See Bayer v. Monroe Cty. Children & Youth Servs.*, 414 F. App'x 431, 437 (3d Cir. 2011) ("agree[ing] with the District Court that plaintiffs' conclusory allegations are insufficient to support their contention that Monroe County/MCCYS has a policy, custom, or practice of 'seiz[ing] minor children from their parents without prior judicial authorization, and without any reasonable basis to believe such a seizure is necessary to protect children from imminent harm'"); *Khan v. City of Paterson*, No. 17-5006,

2019 U.S. Dist. LEXIS 61247, at *9 (D.N.J. Apr. 9, 2019) (finding that the plaintiff's allegations that, *inter alia*, it "was also a custom and practice of the City to fail to investigate discrimination in accordance with their own by-laws when the complainant was Muslim" was conclusory and did not allege sufficient facts to plausibly plead a municipal policy or custom).

Count One asserting a due process violation is dismissed with prejudice[9] as to all Defendants.

**B.    The discrimination claim (Count II) is dismissed.**

Taylor claims discrimination under Title VI of the Civil Rights Act and under the Equal Protection Clause.  Her sole allegations of discrimination are that she, an African-American woman, "has been treated differently than similarly situated individuals" and "[h]er complaints have been ignored or dismissed, while those of non-minority individuals were investigated."  *See* Sec. Am. Compl. ¶¶ 34-35.  She also alleges that "Northampton County has a policy/custom of screening out or ignoring credible reports by African-American individuals, especially in private complaint filings and child welfare investigations.  *See id.* at ¶ 33.

These conclusory allegations fail to state a claim under either Title VI or the Equal Protection Clause.  *See Z.H. v. Penn Hills Sch. Dist.*, No. 12cv1696, 2013 U.S. Dist. LEXIS 10338, at *16 (W.D. Pa. Jan. 25, 2013) (dismissing the Title VI claim, which alleged that the plaintiff "was treated differently from similarly situated students who are not members of his protected class, as these students are not excluded from school and placed in alternative

---

[9]    This Court finds that further leave to amend would be futile.  *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that a court may deny leave to amend if a complaint is vulnerable to 12(b)(6) dismissal, if an "amendment would be inequitable or futile"); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (holding that leave to amend may be denied "based on . . . repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment")

education in the aftermath of making a complaint without due process," because such conclusory allegations were insufficient to state a claim); *Bolus v. Gaughan*, No. 3:21-CV-01315, 2023 U.S. Dist. LEXIS 222340, at *11 (M.D. Pa. Dec. 13, 2023) (dismissing the equal protection claim because the plaintiff's "statement that he was treated differently than others is entirely conclusory absent corresponding facts to provide proper context for this statement" (internal quotations omitted)).  Additionally, these conclusory allegations are made against Defendants collectively and fail to show any intentional or purposeful discrimination.  *See Price v. Commonwealth Charter Acad. Cyber Sch.*, No. 17-1922, 2018 U.S. Dist. LEXIS 59394, at *10 n.3 (E.D. Pa. Apr. 6, 2018) (dismissing the Title VI claim where the complaint offered "conclusory allegations that Defendants collectively violated Title VI, but Plaintiff fail[ed] to allege any set of facts that indicate there was intentional discrimination by Moving Defendants on the 'ground of race, color, or national origin' which would violate § 601"); *B.D. v. Bd. of Educ. of the Greater Egg Harbor Reg'l High Sch. Dist.*, No. 14-7232 (NLH/KMW), 2015 U.S. Dist. LEXIS 96511, at *17 (D.N.J. July 23, 2015) (dismissing conclusory discrimination claim "against all 'defendants' collectively" pursuant to *Twombly* and *Iqbal*); *Herring v. Chichester Sch. Dist.*, No. 06-5525, 2007 U.S. Dist. LEXIS 82571, at *30 (E.D. Pa. Nov. 6, 2007) (dismissing equal protection claim because the plaintiff "has only made conclusory allegations and has not provided a 'clear showing' of invidiously, purposeful, and intentional discrimination").

The discrimination claims in Count Two are dismissed with prejudice[10] as to all Defendants.

---

[10]     This Court finds that further leave to amend would be futile.  *See Alston*, 363 F.3d at 235; *Lorenz*, 1 F.3d at 1414.

## V.    CONCLUSION

The Second Amended Complaint again fails to contain sufficient allegations of a due process violation by the Police defendants or by the County.  Taylor does not allege that the failure to investigate amounted to conscious-shocking behavior or that there was any special relationship that afforded her a due process right to protection.  The allegations of discrimination in violation of Title VI and the Equal Protection Clause are wholly conclusory and do not show any intentional or purposeful discrimination.  The Second Amended Complaint is therefore dismissed with prejudice for failure to state a claim.

A separate order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge

16
060425